UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COREY D. YOUNG,<br><br>                     Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS ET. AL.,<br><br>                     Defendants. | Case No. C18-5681-RBL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for **March 8, 2019** |

       This matter is before the Court on plaintiff's filing of a motion to remand. Dkt. 7. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends the Court deny plaintiff's motion.

       On July 21, 2017, plaintiff filed an action in this Court alleging claims of negligence, assault and battery, and civil rights violations by defendants. *See Young v. State of Washington Dept. of Corrections*, 3:17-cv-5572-RBL, Dkts. 1, 2. Plaintiff's claims arose out of a July 22, 2014, incident in which defendant Kathryn Kallenbach, an employee of the Washington State Department of Corrections, allegedly poured hot coffee down the plaintiff's back. *Id.* Defendants moved for summary judgment in that action. *See Young v. State of Washington Dept. of Corrections*, 3:17-cv-5572-RBL, Dkt. 15. On May 21, 2018, the Court granted defendants' motion for summary judgment, dismissed plaintiff's claims of assault and battery with prejudice as barred by the statute of limitations, and dismissed plaintiff's § 1983 claim without prejudice

REPORT AND RECOMMENDATION - 1

1  due to his failure to exhaust his administrative remedies. *See Young v. State of Washington Dept.*
2  *of Corrections*, No. 17-cv-5572, 2018 WL 2298501 (W.D. Wash., May 21, 2018). The Court
3  further declined to exercise supplemental jurisdiction over plaintiff's sole remaining state law
4  negligence claim because none of plaintiff's federal claims remained in the suit. *Id.* Accordingly,
5  the Court also dismissed plaintiff's remaining state law negligence claim without prejudice. *Id.*

6  Plaintiff subsequently filed the instant action in Pierce County Superior Court against
7  defendants alleging the same §1983 civil rights and state law negligence claims raised in the
8  prior action. *See* Dkt. 4. Defendants removed the action to federal court on the grounds that
9  plaintiff's new complaint included claims arising under federal law. Dkt. 1; Dkt. 9, at 4. Plaintiff
10 now moves to remand this action in its entirety, citing to 28 U.S.C. §1447 and 28 U.S.C. §1367,
11 on the basis that this Court previously declined to exercise supplemental jurisdiction over his
12 state law negligence claim. Dkt. 7. Defendants oppose the motion arguing that because plaintiff
13 has again alleged a claim arising under federal law, defendants properly removed the case to
14 federal court. Dkt. 9.

15 Title 28 U.S.C. § 1441(a) authorizes removal by defendants of "any civil action brought
16 in a State court of which the district courts of the United States have original jurisdiction[.]" 28
17 U.S.C. § 1441(a). Within thirty days after filing of a notice of removal, a party may move to
18 remand a case to State court "on the basis of any defect other than lack of subject matter
19 jurisdiction[.]" 28 U.S.C. § 1447(c). Furthermore, "[i]f at any time before final judgment it
20 appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

21 "When a federal district court has original jurisdiction over a civil cause of action, [28
22 U.S.C.] § 1367 determines whether it may exercise supplemental jurisdiction over other claims
23 that do not independently come within its jurisdiction, but that form part of the same Article III

REPORT AND RECOMMENDATION - 2

'case or controversy.'" *Jinks v. Richland County, S.C.*, 538 U.S. 456, 458 (2003). Specifically, §1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Section 1367(c) describes situations in which a federal court may decline to exercise supplemental jurisdiction and provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Plaintiff's new complaint again seeks redress under 42 U.S.C. § 1983 for alleged federal Constitutional violations. Federal courts have original jurisdiction over claims arising under laws of the United States, such as 42 U.S.C. § 1983. 28 U.S.C. § 1331 (granting district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"). Because federal courts have such jurisdiction over plaintiff's §1983 claim, defendants properly removed the action to federal court. *See* 28 U.S.C. § 1441(a).

Plaintiff's only argument in support of his motion is that the case should be remanded to state court because this Court previously declined to exercise supplemental jurisdiction over his state law negligence claim. However, the Court declined to exercise supplemental jurisdiction over plaintiff's state law negligence claim specifically because none of plaintiff's federal claims remained in that case. *See* 28 U.S.C. § 1367(c)(3). Because plaintiff's new complaint again

REPORT AND RECOMMENDATION - 3

alleges a §1983 claim, this Court has original jurisdiction over that claim and removal to this court was proper. Plaintiff does not argue, nor does it appear, that any of the situations delineated in section 1367(c) provides a basis for remanding this action while plaintiff continues to allege a §1983 claim.

Accordingly, plaintiff's motion to remand (Dkt. 7) should be denied.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court deny plaintiff's motion to remand (Dkt. 7).

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **March 8, 2019**, as noted in the caption.

Dated this 13th day of February, 2019.

Theresa L. Fricke
United States Magistrate Judge