UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COREY D. YOUNG,

                Plaintiff,

v.

WASHINGTON STATE DEPARTMENT
OF CORRECTIONS, et al.,

                Defendants.

Case No. C18-5681-RBL-TLF

ORDER GRANTING DEFENDANTS'
MOTION FOR LEAVE TO FILE AN
AMENDED ANSWER

Pursuant to Fed. R. Civ. P. 15, defendants State of Washington Department of Corrections (DOC) and Kathryn Kallenbach request leave to file an amended answer to plaintiff's complaint. Dkt. 14. Defendants' proposed amended answer revises certain denials concerning whether certain acts alleged by plaintiff were performed by defendant Kallenbach, or were performed within the scope of her employment with DOC, and seeks to add a jury demand. Dkt. 15. Plaintiff has not filed any response or opposition to defendants' motion. The Court grants defendants' motion.

## BACKGROUND

Plaintiff is a prisoner in the custody of DOC and at all times relevant to the complaint was incarcerated at Coyote Ridge Corrections Center. Plaintiff's complaint alleges that on July 22, 2014, defendant Kallenbach, an employee of the DOC supervising plaintiff and other inmates, "negligently and/or recklessly" poured hot coffee down plaintiff's back. Dkt. 1-2, at 3. Plaintiff alleges the coffee was hot and that he was injured as a result of defendants' conduct. *Id.*

ORDER GRANTING DEFENDANTS' MOTION FOR
LEAVE TO FILE AN AMENDED ANSWER - 1

| | |
|---|---|
| 1 | Plaintiff filed his complaint against defendants on June 18, 2018, in Pierce County |
| 2 | Superior Court. Dkt. 1-2. The Complaint alleges negligence arising under state law and |
| 3 | violations of civil rights under 42 U.S.C. § 1983, and the Fourth, Fourteenth, and Eighteenth |
| 4 | Amendments of the United States Constitution. *Id*. Defendants answered the complaint and then |
| 5 | filed a Notice of Removal to this Court. Dkts. 1, 1-3. Plaintiff filed a motion to remand, which |
| 6 | the Court denied. Dkts. 7, 12. |

**DISCUSSION**

Pursuant to Fed. R. Civ. P. 15(a)(2), a "court should freely give leave [to amend] when justice so required." Courts generally apply this policy with "extreme liberty." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Court looks to five factors in determining whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether party has previously amended. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1987). While every factor is important, "the crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). Absent undue prejudice, "a trial judge should ordinarily permit a party to amend its complaint." *Id*.

Plaintiff's complaint alleges "DOC employed and trained …Kallenbach" and that her "negligent and/or reckless acts and/or omissions … were done for and on behalf of herself … and on behalf of DOC." Dkt. 1-2, Complaint, at ¶1.3. In their current answer, defendants admit DOC employed Kallenbach as a cook, but deny the remainder of the paragraph 1.3 allegation on the grounds that it "constitute[s] argument and/or legal conclusions to which no answer is required." Dkt. 1-3, Answer, at ¶ 1.3. Defendants indicate that upon further assessing plaintiff's allegations they are "now prepared to admit Kallenbach's acts and/or omissions were performed during the course and scope of her employment." Dkts. 14, 15. Accordingly, defendants seek leave to file

ORDER GRANTING DEFENDANTS' MOTION FOR
LEAVE TO FILE AN AMENDED ANSWER - 2

an amended answer to add the following to paragraph 1.3 of their answer: "Defendants admit only that DOC employed and trained Kallenbach and any acts and/or omissions by Kallenbach were performed within the course and scope of her employment for the benefit of herself and/or her marital community and DOC. Plaintiff's allegations that acts and/or omissions performed by Kallenbach were negligent and/or reckless constitute legal conclusions to which no answer is required and none is given." Dkt. 15, at 5.

Plaintiff's complaint also alleges that "[w]hile [plaintiff] was on the A-Line serving other inmates, employee Kallenbach came from behind Mr. Young and negligently and/or recklessly poured hot coffee down his back." Dkt. 1-2, at ¶4.3. In their current answer, defendants deny these allegations. Dkt. 1-3, at ¶4.3. In their proposed amended answer, defendants seek to replace their denial with the following: "Defendants admit only that while Plaintiff was in a kitchen or serving area, Kallenbach poured coffee down Plaintiff's back. Defendants deny the coffee was hot. Plaintiff's remaining allegations that the acts and/or omissions performed by Kallenbach were negligent and/or reckless constitute legal conclusions to which no answer is required and none is given." Dkt. 15, at 6. Finally, defendants seek to amend their answer to add their jury demand.[1] *Id.*, at 11.

Defendants indicate they provided a copy of the proposed amended answer to plaintiff's counsel along with a request that he stipulate to the amendment but that plaintiff's counsel advised defendants that commitments in other matters would delay his response. Dkt. 15, at 2. Accordingly, defendants filed the instant motion. Plaintiff's counsel has filed no opposition to this motion. The proposed amendments seek to add admissions and clarify denials by defendants to the allegations of plaintiff's complaint in addition to adding a jury demand. Plaintiff has not

---

[1] The Court notes that defendants previously filed a jury demand in this case on August 20, 2018. Dkt. 5.

argued the proposed amendments would prejudice him, nor does it appear to the Court that plaintiff would be prejudiced by the amendments at this stage. The Court also notes this is the first time defendants have sought to amend their answer and there is no evidence of bad faith, undue delay, or futility.

Accordingly, it is **ORDERED:**

1) Defendants' motion for leave to file an amended answer to plaintiff's complaint (Dkt. 14) is **GRANTED.**

2) Defendants shall serve and file with the Court as their amended answer to plaintiff's complaint the proposed pleading attached as Exhibit 2 to the Declaration of Jennifer Loynd in Support of Defendants' Motion Seeking Leave to File Amended Answer to Plaintiff's Complaint (Dkt. 15, at 13-20) on or before **June 21, 2019**.

3) The Clerk shall send copies of this Order to counsel for the parties.

Dated this 11th day of June, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge